# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | 08 C 6420 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| DONG CHEN, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION AND ORDER

Dong Chen has filed a 28 U.S.C. § 2255 motion to vacate his 220-month prison sentence for extortion and tax frauds. For the reasons set forth below, the Court denies the motion.

## Background

On May 31, 2005, Dong Chen pled guilty to eleven counts of extortion and one count of tax fraud stemming from a scheme in which he loaned money to and forcibly extracted payment from members of Chicago's Chinatown community. *United States v. Dong Jin Chen*, 497 F.3d 718, 719 (7th Cir. 2007). The Court held a sentencing hearing on December 8, 9 and 21, 2005. During the hearing, defense counsel argued that Chen had used implicit threats to obtain loan payments, not explicit threats or violence. *Id.* The Court, however, rejected that argument and denied Chen a sentence reduction for acceptance of responsibility. *Id.* Chen appealed the Court's decision, which the Seventh Court affirmed. *Id.* He now seeks to vacate his sentence, arguing that his counsel was constitutionally ineffective because he did not obtain Chen's approval for, or explain the potential consequences of, arguing that Chen did not use explicit threats or violence to obtain payment.

## Discussion

To prevail on his ineffective assistance claim, Chen must show that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The *Strickland* standard is "highly demanding," *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986), and requires Chen to overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689 (1984).

Chen argues that his attorney was ineffective because he did not tell Chen that he would make the implicit threats argument or explain to him the potential consequences of doing so. Chen says the communication problem was due, in part, to a language barrier. Chen's native language is Toishanese, a dialect of Chinese that differs substantially from Cantonese, the language spoken by most of the interpreters who assisted his counsel. Chen understands but cannot speak Cantonese and believes that the Cantonese-speaking interpreters "had difficulty understanding him." (Mot. at 5.)

The only support Chen offers for this claim is his own testimony that "the interpreter did not understand everything I said because I spoke in Toishanese." (Mot., Ex. B, Chen Aff. ¶ 8.) Chen cannot, however, testify about what someone else understood. *See* Fed. R. Evid. 602. Thus, his claim is unsubstantiated.

Moreover, even if there were evidence that the Cantonese-speaking interpreters could not understand Chen, it would not further his case. The record shows that a Toishanese-speaking interpreter, whom Chen said he could understand, attended the sentencing hearing. (Mot., Ex. B, Chen Aff. ¶ 10; *see* 12/8/05 Hr'g Tr. at 2.) It also shows that Chen did not object to his counsel's

argument at any time during that hearing, even when Chen made his own statement for the record. (*See generally* 12/8/05 Hr'g Tr., 12/9/05 Hr'g Tr. & 12/21/09 Hr'g Tr.) Because the record establishes that any ignorance Chen had about his counsel's arguments were not the result of a language barrier, that barrier is not a basis for vacating his sentence. *See Gallo-Vasquez v. United States*, 402 F.3d 793,799 (7th Cir. 2005) (rejecting non-English speaking defendant's ineffective assistance claim based on his inability to communicate adequately with his English-speaking lawyer because it was contradicted by the record).

Alternatively, Chen argues that his sentence is invalid because the Court improperly attributed his counsel's implied threats argument to him in violation of *United States v. Purchess*, 107 F.3d 1261 (7th Cir. 1997). Like Chen, the defendant in *Purchess* did not testify about relevant conduct during his sentencing hearing, but his lawyer challenged the factual basis for some of it. *Id.* at 1264. Given counsel's argument, and the sentencing court's belief that defendant's "two word apology" was insincere, it refused to give him an acceptance-of-responsibility sentence reduction. *Id.* at 1265.

The Seventh Circuit affirmed the sentencing court's decision based on its factual finding that defendant's remorse was insincere. *Id.* at 1269. It said, however, that lower court should not have based the decision on counsel's relevant conduct argument because the acceptance-of-responsibility assessment "is . . . personal to the defendant," who spoke little English, had only "a fifth grade education" and had not personally denied any of the relevant conduct facts. *Id.* at 1267-68. In such circumstances, the *Purchess* court said, a trial court should "determine if the defendant understands and agrees with his attorney's argument before using counsel's challenge as a basis for denying the defendant a reduction for acceptance of responsibility." *Id.* at 1269.

3

Subsequently, however, the Seventh Circuit explained that *Purchess* does not require sentencing courts to ask every non-English speaking defendant whether he understands and agrees with his lawyer's acceptance-of-responsibility arguments. *See United States v. Acosta*, 543 F.3d 574, 581 (7th Cir. 2008). Rather, it said, a court must do so "only where there is reason to believe the defendant might be confused or disagrees with counsel." *Id.*

As the Seventh Circuit noted when it rejected Chen's appeal, the record does not suggest that he was confused by or disagreed with his counsel's argument. On the contrary, it shows that: (1) Chen has eleven years of education; (2) he "had an interpreter present at every stage of the proceedings and repeatedly assured the district court that he understood what was occurring"; (3) during the plea hearing, he initially denied using threats or violence to collect loans but, after discovering that his guilty plea depended on it, admitted to that conduct; and (4) his counsel's arguments during the sentencing hearing echoed Chen's plea hearing testimony. *Chen*, 497 F.3d at 721 & n.1; *see Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."). Because there was no indication that Chen disagreed with his lawyer, the Court was not required to verify that that was so.

Even if the Court did not err, Chen argues that his lawyer's use of the implicit threats argument without obtaining Chen's approval or explaining its possible ramifications to him, constituted ineffective assistance of counsel. The Seventh Circuit has said, however, that "a lawyer is not required to consult with his client on tactical moves," *Underwood v. Clark*, 939 F.2d 473, 474 (7th Cir. 1991), like the decision to make the implied threats argument.

4

Moreover, even if there were such a requirement, Chen's ineffective assistance claim would succeed – and merit a hearing – only if he had sufficient evidence to back it up. He does not. The only evidence Chen offers for his claim is his own testimony about his lawyer's conduct. (*See* Mot., Ex. B, Chen Aff. ¶¶ 18-19.) Given the fact that trial counsel denies Chen's assertions (*see* Gov't Resp. Mot., Ex. Beal Aff. ¶¶ 4-6) and the record refutes them, Chen's "bare, unsubstantiated [and] thoroughly self-serving" assertions, "albeit made under oath, [are] insufficient" to warrant section 2255 relief. *Underwood*, 939 F.2d at 476 (rejecting 2255 claim based on lawyer's alleged refusal to allow defendant to testify); *see Jennings v. United States*, 461 F. Supp. 2d 818, 824 (S.D. Ill. 2006) ("[A] claim of ineffective assistance of counsel must be supported by objective evidence, not merely by a movant's own self-serving testimony.")

Finally, even if Chen had demonstrated that his lawyer's conduct was constitutionally deficient, he could only succeed on his claim if that conduct were prejudicial to him. *Strickland*, 466 U.S. at 669. It was not. A guilty plea does not automatically entitle a defendant to an acceptance-of-responsibility reduction. *United States v. Hammick*, 36 F.3d 594, 600 (7th Cir. 1994). Rather, granting the reduction is a matter left to the sentencing court's discretion and depends on the defendant's demonstration of "sincere remorse or contrition for [his] crimes." *Id.*

Even if defense counsel had not made the implicit threats argument, the Court would likely not have given Chen an acceptance-of-responsibility reduction. Though he made a pro forma apology, he also argued that his behavior was culturally appropriate and his victims, all of whom asked Chen for loans and many of whom were gamblers, bore some of the responsibility for his crimes. (*See* 12/21/05 Hr'g Tr. at 195- 97, 200-02, 205-06.) Because Chen did not demonstrate

sincere remorse, an acceptance-of-responsibility reduction would not have been appropriate, even if his counsel had not made the implied threats argument.

## Conclusion

For the reasons stated above, defendant's § 2255 motion to vacate his sentence and for an evidentiary hearing [doc. no. 1] is denied. This case is terminated.

SO ORDERED.  OCT 2 2 2009          ENTERED:  OCT 2 2 2009

HON. RONALD A. GUZMAN
United States District Judge